# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| TYLER VAUGHAN,<br>　　*Plaintiff*,<br><br>　　　v.<br><br>JOHN ALDI *et al.*,<br>　　*Defendants*. | No. 3:19-cv-00107 (JAM) |

## INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A

Tyler Vaughan is a pretrial detainee in the custody of the Connecticut Department of Correction ("DOC") and confined at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut.[1] He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against the DOC and the Security Risk Group Director John Aldi. Doc. #1 at 1, 7. Vaughan claims that defendants violated his constitutional rights by placing him in restrictive confinement without notice or a hearing. *Id.* at 5-6, 9-10. He seeks damages and an injunction. *Id.* at 10. On April 25, 2019, Vaughan filed a motion to amend his complaint that attached a short statement of additional allegations that overlap some of those alleged in his original complaint. *See* Doc. #9; Doc. #9-1. Because the proper procedure is for a party seeking to amend a complaint to file a single, consolidated complaint including all relevant factual allegations and naming all defendants, I will deny his motion to add piecemeal additions to his complaint without prejudice. Because the factual allegations in the amended complaint overlap those stated in the original complaint, I will review Vaughan's original complaint at this time. For the reasons stated below, I will allow his complaint to proceed for injunctive relief against Aldi but dismiss his claims for money damages without prejudice.

---

[1] *See Inmate Information: Tyler Mikel Vaughan*, CONN. DEP'T CORR.,
http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=388041 (last visited Apr. 27, 2019).

## BACKGROUND

The following facts are alleged in the complaint and are accepted as true only for purposes of this ruling.

On December 11, 2017, Vaughan was at New Haven Correctional Center (NHCC). Doc. #1 at 5-6 (¶¶ 3-4). Vaughan signed a property paper stating that he had multicolored religious beaded necklaces and some other items. *Id.* at 5 (¶ 1). Vaughan's mother came to retrieve his property, but correctional officers would not give the property to his mother. *Ibid.* Later that day, Vaughan was placed in the restrictive housing unit. *Ibid.* (¶ 2). Vaughan was called down to the lieutenant's office, where he spoke with Lieutenant Mendillo and Intelligence Officer Payne. *Ibid.* (¶¶ 2-3). They asked Vaughan about his beads. *Ibid.* (¶ 2). He stated that they were religious. *Ibid.* Mendillo and Payne told Vaughan that he was going to segregation because of his beaded necklace, and Vaughan was then placed in the Foxtrot restrictive housing unit at NHCC. *Id.* at 5-6 (¶¶ 3-4). Vaughan was then sent to Phase Two of the Security Risk Group (SRG) program at Walker Correctional Institution. *Id.* at 6 (¶¶ 5-6). Vaughan had already completed the SRG program, *id.* at 6, 9 (¶ 5), and he had renounced his affiliation in the "Bloods" gang, *id.* at 9. Vaughan claims not to have received notice, a disciplinary report, or a hearing before his placement in restrictive housing or the SRG program. *Id.* at 6 (¶¶ 4-5). He remains in the SRG program to this day. *Ibid.* (¶ 7).

On May 6, 2018, Vaughan stopped Officer Briatico at his cell and asked him about a disciplinary report Briatico had issued him regarding a book that was found in his cell. *Id.* at 8. Briatico stated that it was "just a bunch of Blood shit." *Ibid.* Vaughan said that he knew nothing about the book and that it had belonged to his cellmate. *Ibid.* Briatico replied that he did not know much about the book and was instructed to issue the disciplinary report. *Ibid.* As of

November 30, 2018, Vaughan had been kept in segregation for 33 days pending an investigation into the disciplinary report. *Ibid.*

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

### *Claim against the Department of Correction*

Vaughan lists the Connecticut Department of Correction (DOC) as a defendant to this action. I will dismiss Vaughan's claim against the DOC because it is a state agency, and therefore is not a person subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

3

*Claim against Aldi*

The only remaining defendant in this case is John Aldi who is identified in the complaint as a "Counselor Supervisor / Security Risk Group Director" of the Department of Correction. Doc. #1 at 3. Insofar as Vaughan seeks money damages against Aldi, I will dismiss his claim because Vaughan has not alleged any facts suggesting Aldi's personal involvement in violating his constitutional rights. Damages liability under § 1983 requires the personal involvement of each individual held liable. *See Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014). Vaughan alleges that Lieutenant Mendillo and Officer Payne were involved in placing him in restrictive housing and the SRG program, that Officer Briatico wrote him a ticket for the book in his cell, and that unnamed officers at NHCC confiscated his beaded necklace. But the complaint does not name Mendillo, Payne, or Briatico as defendants, and it does not allege any facts implicating Aldi in any of those actions. Accordingly, for lack of any facts detailing Aldi's involvement, I will not allow Vaughan's claim for damages against Aldi in his individual capacity to proceed at this time.

On other other hand, a prisoner may sue a state official in his official capacity only for injunctive relief, *see Will*, 491 U.S. at 71 n.10, and it is plausible to conclude that Aldi in his official capacity as director of the Security Risk Group (SRG) may have authority to grant Vaughan injunctive relief from the restrictions to which he is now subject as a result of his apparent SRG designation. *See, e.g.*, *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (*per curiam*) (notwithstanding prison warden's lack of personal involvement in alleged constitutional violation, prison warden remained proper defendant for official-capacity claim seeking injunctive relief that he had authority to carry out). Moreover, to the extent that Vaughan alleges that other state actors have violated his due process rights by placing him in segregation

4

without any hearing and on the basis of a mistaken conclusion about his gang affiliation, I conclude that Vaughan may have alleged enough facts for now to suggest a violation of the Due Process Clause and for which an appropriate supervisory DOC official who has authority to grant injunctive relief may be called to answer in his official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (describing how official-capacity lawsuits are "only another way of pleading an action against an entity of which an officer in an agent" and that "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *cf. Mendez v. Lis*, 2019 WL 1644235, at *6 (D. Conn. 2019) (allowing individual-capacity suit against Aldi to proceed); *Hayes v. Santiago,* 2018 WL 5456494, at *4 (D. Conn. 2018) (same).

## CONCLUSION

For the reasons stated above, the Court enters the following orders:

(1) Vaughan's motion to amend is DENIED and his complaint is DISMISSED against the defendant Department of Correction and against defendant John Aldi in his individual capacity. Vaughan's complaint shall proceed against Aldi solely in his official capacity. This ruling is without prejudice to the right of defendant Aldi to file a motion to dismiss to challenge the adequacy of the complaint or to challenge the basis for any conclusion that he has authority in his official capacity to take action that would grant Vaughan the injunctive relief he seeks. This ruling is also without prejudice to any right of Vaughan's under the Federal Rules of Civil Procedure to file a consolidated amended complaint with all relevant factual allegations and naming all defendants.

(2) The Clerk shall prepare a summons form and send an official capacity service packet, including the complaint (Doc. #1), to the United States Marshal Service. The U.S.

Marshal is directed to effect service of the complaint on defendant Aldi in his official capacity at the Office of the Attorney General, 55 Elm Street, Hartford, Ct 06151, on or before **May 20, 2019** and to file a return of service on or before **May 29, 2019**.

(3) Aldi shall file his response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the U.S. Marshal effects service on him in his official capacity. If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above. He may also include any and all defenses permitted by the Federal Rules.

(4) The Clerk shall send a courtesy copy of the complaint and this Order to the DOC Office of Legal Affairs.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26-37, shall be completed by **October 26, 2019**. Discovery requests need not be filed with the Court.

(6) All motions for summary judgment shall be filed by **November 25, 2019**.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If Vaughan changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. Vaughan must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough just to put the new address on a letter without indicating that it is a new address. If Vaughan has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Vaughan should also notify Aldi of his new address. It is so ordered.

Dated at New Haven this 29th day of April 2019.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge