UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TYLER VAUGHAN,
    *Plaintiff*,

    v.

JOHN ALDI *et al.*,
    *Defendants.*

No. 3:19-cv-107 (JAM)

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Plaintiff Tyler Vaughan has filed this action against various officials of the Connecticut Department of Correction ("DOC") arising from his placement in restrictive confinement as a pretrial detainee. Defendants have moved for summary judgment, and Vaughan has not filed any objection or response. I will grant defendants' motion for summary judgment.

### BACKGROUND

I assume familiarity with the facts of Vaughan's complaint as described in prior initial review orders. *See Vaughan v. Aldi*, 2019 WL 6467550 (D. Conn. 2019); *Vaughan v. Aldi*, 2019 WL 1922295 (D. Conn. 2019). As relevant here, my initial review orders allowed Vaughan's due process claim to proceed against two of the defendants—Officer Payne (Pain) and Lieutenant Mendillo—with respect to Vaughan's claim that they wrongfully subjected him to restrictive conditions of confinement under the DOC's Security Risk Group ("SRG") program without affording him a hearing.

On July 29, 2020, defendants Payne and Mendillo filed a motion for summary judgment accompanied by extensive evidentiary materials. Doc. #46. They seek summary judgment on three grounds: (1) that Vaughan did not timely exhaust his administrative remedies; (2) that they did not engage in any actions that violated Vaughan's due process rights; and (3) that they are

entitled to qualified immunity. Doc. #46-1 at 1. Defendants' papers reflect that they were served upon Vaughan at his address of record and accompanied by the required notice to *pro se* litigant under D. Conn. L. Civ. R. 56(b). Doc. #46-10. Vaughan has not filed any objection or response to the motion for summary judgment.

## DISCUSSION

The principles governing the review of a motion for summary judgment are well established. Summary judgment may be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). I must view the facts in the light most favorable to the party who opposes the motion for summary judgment and then decide if those facts would be enough—if eventually proved at trial—to allow a reasonable jury to decide the case in favor of the opposing party. My role at summary judgment is not to judge the credibility of witnesses or to resolve close contested issues of fact but solely to decide if there are enough facts that remain in dispute to warrant a trial. *See generally Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (*per curiam*); *Pollard v. N.Y. Methodist Hosp.*, 861 F.3d 374, 378 (2d Cir. 2017).

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is mandatory. *See Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). It applies to all claims regarding "prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative procedures must occur regardless of whether the procedures can provide the relief that the inmate seeks. *See*

2

*Booth v. Churner*, 532 U.S. 731, 740-41 (2001). Furthermore, prisoners must comply with all procedural rules regarding the grievance process prior to commencing an action in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).

Qualified immunity shields government officials from claims for money damages unless a plaintiff shows the official has violated clearly established law such that any objectively reasonable official would have understood that his or her conduct amounted to a violation of the plaintiff's constitutional rights. *See Mara v. Rilling*, 921 F.3d 48, 68-69 (2d Cir. 2019). In order to determine whether a right is clearly established, courts in this circuit must consider "Supreme Court decisions, [Second Circuit] decisions, and decisions from other circuit courts." *Simon v. City of New York*, 893 F.3d 83, 92 (2d Cir. 2018). A right must be defined with reasonable specificity and is clearly established only if the relevant case authority is directly on point or clearly foreshadows a ruling recognizing the right. *See Sloley v. VanBramer*, 945 F.3d 30, 40 (2d Cir. 2019).

In *Jackson v. Federal Express*, 766 F.3d 189 (2d Cir. 2014), the Second Circuit instructed that "when a party, whether *pro se* or counseled, fails to respond to an opponent's motion for summary judgment, a district court may not enter a default judgment," but "must examine the movant's statement of undisputed facts and the proffered record support and determine whether the movant is entitled to summary judgment." *Id.* at 197. To the extent that a non-moving party does not file a Local Rule 56 statement to contest any of the moving party's well-supported statements of material fact, I may deem the moving party's facts to be admitted for purposes of the motion. *See* D. Conn. L. Civ. R. 56(a)(1). I will do so here.

On the basis of the defendants' summary judgment submissions, I conclude that there is no genuine issue of fact to sustain Vaughan's claims. First, defendants have established that

Vaughan failed to timely exhaust the required administrative remedies. Doc. #46-2 at 8-11 (¶¶ 30-51). This alone warrants granting defendants' summary judgment motion.

Even assuming that Vaughan had properly exhausted his administrative remedies, I am satisfied that defendants are entitled at the least to qualified immunity with respect to Vaughan's claim that he was subject to punitive segregation prior to receiving a hearing for SRG designation. Defendants show that Vaughan was in administrative segregation for two days prior to his SRG designation hearing and that this segregation was based on strong evidence they gathered and discussed with Vaughan about his gang membership and the defendants' concerns that immediate segregation was warranted for security reasons pending the SRG designation hearing. Doc. #46-2 at 6 (¶¶ 17-20).

In *Hewitt v. Helms*, the Supreme Court ruled that prison officials did not violate the due process rights of a prisoner when they placed him in segregation for administrative security reasons on the basis of an informal, nonadversary evidentiary review and pending a disciplinary hearing conducted five days later. 459 U.S. 460, 472-477 (1983). In light of the Supreme Court's decision in *Hewitt v. Helms*, I cannot conclude that defendants violated any clearly established law governing Vaughan's due process rights. Therefore, defendants are entitled to qualified immunity.

## CONCLUSION

Defendants' unopposed motion for summary judgment (Doc. #46) is GRANTED. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 28th day of September 2020.

                                                    /s/ *Jeffrey Alker Meyer*
                                                    Jeffrey Alker Meyer
                                                    United States District Judge